## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | : | MDL 875 |
| LIABILITY LITIGATION (No. VI) | : | |
| | : | |
| This Document Relates To: | : | |
| | : | |
| GEORGE DONALD ELLIS | : | EDPA CIVIL |
| | : | NO. 10-83254 |
| v. | : | |
| | : | |
| 3M COMPANY, et al. | : | |
| | : | |
| | : | |
| SIDNEY WILLIAM MAUNEY | : | EDPA CIVIL |
| | : | NO. 10-83255 file |
| v. | : | |
| | : | |
| AO SMITH CORP, et al. | : | |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE

     Pursuant to my practice in these matters of handling discovery disputes informally through letters and telephone conferences where possible, I have received letters and held telephone conferences concerning an ongoing dispute between plaintiffs and Duke Energy Corp. ("Duke"), with respect to the payment of costs for Duke's production in response to plaintiffs' document subpoenas. I first hosted telephone conferences on April 14 and June 1, 2011, at a moment in time when Duke had begun the process of identifying and reviewing documents which consisted of in excess of 500 boxes of

original documents located at a storage facility. I suggested that plaintiff's contribute at that point to certain costs associated with storage and retrieval of the documents, but postponed a determination of costs plaintiffs should pay until it could be determined what Duke's actual costs would be for the entire production, if the parties were unable to reach agreement.[1] The production later entered a larger second phase.

I have now received a letter from Duke's counsel (dated September 12, 2011) requesting that I hold another telephone conference to address payment of costs, and attaching certain of counsel's correspondence. I have also received a responsive letter from plaintiffs' counsel (dated September 13, 2011) with affidavits challenging the necessity and reasonableness of many of Duke's asserted costs, and another letter from Duke's counsel (dated September 30, 2011) containing a list of the costs for which they seek reimbursement and attaching certain supporting itemizations and affidavits. I held a telephone conference on September 30, 2011.

Duke seeks reimbursement for three categories of expense totaling $170,989.06. First, Duke seeks $54,000 representing paralegal time reviewing and producing 500-plus boxes of documents and supervising the copying process in the initial production. This item is not supported by any itemization, but is summarized in the affidavit of a paralegal involved in the review. Duke represents that it seeks reimbursement for its outside

---

[1] At the time of our first telephone conference, Duke estimated $12,000 for the retrieval and storage fees. Plaintiffs recently paid Duke approximately $16,700 representing those retrieval and storage fees.

counsel's paralegal time only, and that the amount sought is conservative representing 60 working days of 6 hours each.  Second, Duke seeks $99,856.25 representing bills it paid for contract attorneys' approximately 2,738 hours reviewing 1,012 boxes of documents for privilege and confidentiality in the second phase of its production.  This item is supported by an itemization of the contract attorneys' time and billing rates.  Third, Duke seeks $17,132.81 representing its "costs in ensuring the integrity" of Duke's documents, namely a contract attorney's 342 hours supervising plaintiffs' review and copying of the 1,012 boxes of documents.  This item is supported by an affidavit and itemization of the contract attorney's time and billing rates.   Duke explains that it has not sought reimbursement for any of the time spent by its in-house or outside counsel on what is a very significant production by a nonparty.

Plaintiffs' primary objections are that (1) they were forced to undertake significant time and expense themselves due to Duke's insistence on unnecessarily and unreasonably cumbersome procedures in undertaking the review and production, and that some of Duke's costs are due to these same unnecessary procedures; (2) there is no basis for Duke's shifting the $54,000 expense to them; and (3) certain of the costs were incurred after the document review process was completed or were unreasonable because the attorneys or paralegals were able to bill their time to other matters when, although present at the storage facility, their attention was not required.  Plaintiffs also insist that defendants, some of which were present during document review and some of which have

3

also issued subpoenas for the documents, should share in the costs of the production. Finally, plaintiffs complain that Duke has not previously insisted on reimbursement for productions in similar matters.

In the case of discovery taken of a nonparty, the court must "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1); see also id. R. 45(c)(2)(B)(ii) (court's order compelling production "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance"). Therefore, it is appropriate to direct the party requesting discovery of a nonparty to pay the reasonable costs associated with complying with the production. See, e.g., United States v. Columbia Broad. Sys., 666 F.2d 364, 372 (9th Cir. 1982) ("a witness's nonparty status is an important factor to be considered in determining whether to allocate discovery costs on the demanding or the producing party"); Cantaline v. Raymark Ind., 103 F.R.D. 447 (S.D. Fla. 1984) ("the court should require the discovering party to advance costs to the non-party unless the discovering party can demonstrate that the sum sought . . . is unreasonable"); see also Universal Del., Inc. v. Comdata Corp., Civ. No. 07-1078, 2010 WL 1381225, at *7-8 (E.D. Pa. Mar. 31, 2010) (Perkin, M.J.) (discussing sharing of costs of electronic production under Rule 45).

Initially, I decline to impose any cost-sharing on defendants at this point in time. The only ripe dispute before me is whether plaintiffs should reimburse Duke for any of its costs in making the production. Plaintiffs are no doubt correct that defendants who seek

4

and receive documents from a non party should bear or at least share in the cost of that production. Nevertheless, Duke's production was initiated in response to plaintiffs' subpoena and that is where the cost sharing also begins. Additionally, although plaintiffs' counsel implied during one of the telephone conferences that Duke is not truly a non party because it employed some of their clients and may at some point become a defendant, at the present time Duke is not a party.

I conclude that plaintiffs should pay the costs of the contract attorneys involved in second-phase privilege and confidentiality review. These costs are supported by an itemization demonstrating that the attorneys spent an average of 2.7 hours reviewing each of the 1,012 boxes of documents, which is reasonable in light of the fact that many of the documents were quite aged. Also, the use of contract attorneys kept the hourly cost at a maximum of $37.50 with a minimal amount of time billed at time and a half for time over forty hours per week. Plaintiffs do not contest that these hours or rates are reasonable. I therefore will direct that plaintiffs reimburse Duke for the amount of $99,856.25.

I also conclude that plaintiffs should pay the cost of the contract attorney involved in supervising plaintiffs' second-phase review of the 1,012 boxes of documents. It is reasonable that Duke would elect to have an attorney present during plaintiffs' review, and Duke's use of a contract attorney at the same rate previously mentioned kept the hourly rate at a reasonable level. Plaintiffs' primary objection to this item is that the attorney billed time after plaintiffs completed their review. I accept Duke's counsel's

explanation that certain time was required upon return of the boxes to ensure proper retention and storage of the documents.  I therefore will direct that plaintiffs reimburse Duke for the amount of $17,132.81

Finally, I conclude that plaintiffs should pay a portion of Duke's costs in reviewing and producing documents in the first phase.  No itemization has been submitted in support of the calculation of this time, and Duke's proffered conservative estimate of $54,000 (360 paralegal hours at $150 per hour) is difficult for me to assess.  Nevertheless, there is no doubt that this was a costly endeavor for both sides, and that Duke spent considerable time and resources on the first-phase production.  On balance, I conclude that plaintiffs should contribute an additional one-third of the requested amount, or $18,000, to reimburse Duke for its costs associated with this production.

Therefore, the total amount plaintiffs shall pay to Duke is $134,989.06.

Plaintiffs point out that Duke has not provided a privilege log, which Duke does not dispute or defend.  Duke is therefore directed to produce a privilege log to plaintiffs. Also, Duke shall produce to plaintiffs an accounting, similar to what Duke produced for purposes of the present dispute, respecting time and costs associated with responding to defense requests or subpoenas for documents, including such time and costs up to date and in the future.  The parties and Duke are directed to confer and if possible agree on a method to share the costs of such production, including, if appropriate, reimbursement to

plaintiffs for amounts representing efforts that did not have to be undertaken in view of the production to plaintiffs.

An appropriate Order follows.